IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN FRANKLIN BITTICK, III                                                          PLAINTIFF

V.                                   CASE NO. 5:17-cv-05157

SOUTHERN HEALTH PARTNERS;
DR. SAEZ; and JASON ZIEMER                                                        DEFENDANTS

## OPINION AND ORDER

This is a civil rights case filed by the Plaintiff, John Franklin Bittick, III, under the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and has filed an application to proceed *in forma pauperis* ("IFP")(Doc. 2). He is currently incarcerated in the Benton County Detention Center ("BCDC"). The Prison Litigation Reform Act ("PLRA") modified the IFP statute, 28 U.S.C. § 1915, to require the Court to screen complaints for dismissal under § 1915(e)(2)(B). The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or, (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## I. BACKGROUND

According to the allegations of the Complaint (Doc. 1), on June 30, 2017, Plaintiff submitted a medical request stating he was experiencing a loss of energy, a loss of appetite, stomach tightness, and having difficulty urinating. He also stated his urine was bright yellow; he felt sick to his stomach; and, he "went to throw up." In response, Plaintiff was told he was put on the sick call list, but that they had received a high number of sick call requests and there might be a delay in his being seen.

On July 4, 2017, Plaintiff submitted a second medical request. Plaintiff stated he had not yet been seen and was experiencing pain in his side, was yellow, and had trouble urinating. He said he was trying to be respectful but was worried something was wrong. In response, he was told he was on the doctor's list.

On July 7, 2017, Plaintiff alleges Dr. Saez ordered lab tests and an ultrasound. Plaintiff does not indicate whether he was seen by the doctor that day or at any other time. Plaintiff states the lab tests were performed but the ultrasound was not.

Plaintiff alleges he was in need of prompt medical treatment and his health and safety are at issue. As relief, Plaintiff seeks compensatory and punitive damages.

## II. DISCUSSION

Under the PLRA, the Court is obligated to screen a case prior to service of process being issued. A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court bears in mind, however, that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

The Eighth Amendment's prohibition against cruel and unusual punishment establishes the government's obligation to provide medical care for those whom it is punishing by incarceration. An inmate must rely on prison authorities to treat his medical

needs; if the authorities fail to do so, those needs will not be met." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976) (internal quotation marks and citation omitted). "For this reason, the Eighth Amendment proscribes deliberate indifference to the serious medical needs of prisoners." *Robinson v. Hager*, 292 F.3d 560, 563 (8th Cir. 2002) (citing *Estelle*, 429 U.S. at 104). The Eighth Amendment does not, however, mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good." *Harris v. Thigpen*, 941 F.2d 1495, 1510 (11th Cir. 1991).

In order to succeed on a denial of medical care claim, an inmate must show both that he had an objectively serious medical need and that the defendant was deliberately indifferent to that need. *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997) (citations omitted). "A medical need is serious when it has been diagnosed by a physician as requiring treatment, or is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Phillips v. Jasper County Jail*, 437 F.3d 791, 795 (8th Cir. 2006) (citation omitted). "Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs. Mere negligence or medical malpractice, however, are insufficient to rise to a constitutional violation." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (citation omitted).

Plaintiff has not alleged facts sufficient to assert a plausible claim against Southern Health Partners or to state an official capacity claim against Dr. Saez or Jason Ziemer. Official capacity claims are "functionally equivalent to a suit against the employing

governmental [or institutional] entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). A Plaintiff "seeking to impose liability on a municipality [or institution] under § 1983 [must] identify [an unconstitutional] policy or custom that caused the plaintiff's injury." *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403 (1997). "There are two basic circumstances under which municipal [or institutional] liability will attach: (1) where a particular policy or custom itself violates federal law, or directs an employee to do so; and (2) where a facially lawful policy or custom was adopted with 'deliberate indifference' to its known or obvious consequences." *Moyle v. Anderson*, 571 F.3d 814, 817-18 (8th Cir. 2009) (citation omitted).

Plaintiff has not alleged that the existence of any custom or policy was the moving force behind the alleged constitutional violation. Plaintiff has not alleged a plausible official capacity claim. Accordingly, SHP and the official capacity claims against the individual Defendants should be dismissed.

With respect to Dr. Saez, the only facts alleged are that he ordered lab tests and an ultrasound. While Plaintiff indicates the ultrasound was not performed, there is no allegation that Dr. Saez was involved in scheduling the test, knew it had not been performed, or that Plaintiff even requested to see him after the tests were ordered on July 7, 2017. In short, no facts are alleged to assert a plausible claim that Dr. Saez was deliberately indifferent to the Plaintiff's serious medical needs.

With respect to Jason Ziemer, no facts are alleged at all. The only mention of Mr. Ziemer is the listing of his name as the person who responded to Plaintiff's July 4, 2017, medical request by stating the Plaintiff was on the doctor's list. This is clearly insufficient

to state a plausible claim against Mr. Ziemer.

### III. CONCLUSION

Plaintiff has failed to allege any plausible claims under 42 U.S.C. § 1983. Plaintiff is given until September 28, 2017 to file an amended complaint to plead sufficient facts and address the deficiencies identified in this Opinion and Order. Plaintiff is advised that failure to file an amended complaint will result in the dismissal of this case.

**IT IS SO ORDERED** on this 28th day of August, 2017.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE